**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

UNITED STATES OF AMERICA,

v.  Case No. 2:18-cr-159-FtM-60NPM

AUGUSTIN DALUSMA,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

    This matter is before the Court on Defendant Augustin Dalusma's motion for compassionate release, filed *pro se* on August 26, 2021. (Doc. 139). On the same day, the Court directed the United States to respond to the motion. (Doc. 140). On September 10, 2021, the Government filed its response. (Doc. 141). After reviewing the motion, response, case file, and the record, the Court finds as follows:

    On November 1, 2019, following a jury trial, Defendant was convicted of fifteen counts of fraud against the United States by filing false personal income tax returns and false income tax returns for clients. On January 27, 2020, the Court sentenced Defendant to 97 months imprisonment. He is currently incarcerated at Miami FCI and is projected to be released on August 5, 2026.

    In his motion, Defendant requests that the Court modify or reduce his sentence to release him from federal prison due to his medical conditions, the spread of COVID-19 among incarcerated persons, and the Bureau of Prison's inadequate response to the COVID-19 pandemic. Specifically, Defendant claims

that he is 60 years old and suffers from numerous medical conditions – including latent tuberculosis, hyptertension, hyperlipidemia, laryngopharyngeal reflux, glaucoma, and dysphagia – that make him more susceptible to COVID-19 infection and/or complications.[1] Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief because he has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence based on his medical conditions.[2] Defendant is a 60-year old offender and claims

---

[1] The Court notes that Defendant previously contracted COVID-19 and recovered.
[2] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as

that his medical conditions make him particularly vulnerable to COVID-19. However, he has been fully vaccinated against COVID-19.  (Doc. 141-1). Furthermore, he has not shown that any of his alleged medical conditions constitute a serious physical or medical condition that substantially diminishes his ability to provide self-care within the correctional facility and from which he is not expected to recover.  "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13." *See United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Finally, even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable Section 3553(a) factors weigh strongly against granting compassionate release in this case.  Considering the § 3553 factors, including Defendant's criminal history and characteristics, the Court finds that release would not be appropriate here.[3]  Consequently, Defendant's

---

determined by the BOP.

[3] The Court notes that Defendant has only served around 25% of his sentence.  Early release would not promote respect for the law, would fail to provide just punishment for the offenses, and would not provide adequate deterrence to those who may engage in similar conduct.  Furthermore, although Defendant alleges that his pre-trial release behavior was

"Motion for Compassionate Release" is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Fort Myers, Florida, this <u>20th</u> day of October, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

"exemplary," such representation is not accurate.  Defendant actually committed new felony crimes while out on bond, which resulted in his bond being revoked prior to trial.