**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 2:18-cr-159-TPB-KCD

AUGUSTIN DALUSMA,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S "UNOPPOSED MOTION FOR SENTENCE REDUCTION UNDER AMENDMENT 821"**

This matter is before the Court on Defendant Augustin Dalusma's "Unopposed Motion for Sentence Reduction Under Amendment 821," filed by counsel on March 5, 2024. (Doc. 154). After reviewing the motion, case file, and the record, the Court finds as follows:

Following a five-day jury trial, Defendant was convicted of twelve counts of making false claims to the Internal Revenue Service and three counts of filing fraudulent tax returns. (Docs. 78; 80). On January 27, 2020, the Court sentenced Defendant to a total of 97 months imprisonment, followed by 36 months of supervised release.[1] (Docs. 95; 96). Even though Defendant was responsible for directly, or indirectly, depriving the federal treasury of a total of **$2,170,538.77** through his criminal activities, this term of imprisonment was at the low end of the

---

[1] The 97-month imprisonment term consists of 60-months as to Counts 1-11, to be served concurrently; 37 months as to Count 12, to be served consecutively to Counts 1-11 and 13-15; and 36 months as to Count 13-15, to be served concurrently with each other and Counts 1-12.

advisory sentencing guidelines range of 97 to 121 months.[2] On June 30, 2021, the Eleventh Circuit Court of Appeals affirmed the conviction and sentences. *See United States v. Dalusma*, 860 F. App'x 664 (11th Cir. 2021).

Defendant now seeks to reduce his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines, which decreased the advisory guidelines for offenders that meet certain criteria, including the absence of a criminal history point. In accordance with the Middle District of Florida's administrative order implementing Amendment 821 (Doc. 115 in 3:21-mc-1-TJC), the United States Probation Office submitted a memorandum reporting that Defendant is eligible for a sentence reduction. (Doc. 149). The Office of the Federal Defender confirmed Defendant's eligibility for a reduction and moved unopposed to reduce his sentence proportionately to the low end of the revised advisory guidelines. (Doc. 154).

The Court exercises its discretion to deny the requested reduction. Although a district court must consider the advisory guidelines when sentencing a criminal defendant, the guidelines are "only one of a dozen or so factors that the court must take into account." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1258 (11th Cir. 2015); *see Gall v. United States*, 552 U.S. 38, 59 (2007). The guidelines are advisory, not mandatory. *Id.*; *United States v. Henry*, 1 F.4th 1315, 1322 (11th Cir. 2021). As such, the Court always considers the advisory guidelines as required by applicable law, but the Court never imposes a sentence simply because the advisory guidelines suggest a particular range. The Court's discretion is guided by the sentencing

---

[2] The judgement in this case (Doc. 96) includes a restitution obligation of $2,170,538.77. This loss amount is also identified in paragraph 38 of the presentence report (Doc. 90).

factors enunciated in 18 U.S.C. § 3553(a).  Some sentences imposed by the Court are below the advisory guidelines, some are within the advisory guidelines, and some sentences are above the advisory guidelines.  The fact that the advisory guidelines were recently lowered does not mean, as some assume, that a defendant sentenced under those advisory guidelines is automatically entitled to have his sentence reduced.

Under the facts of this particular case, even considering the revised advisory guidelines, along with all of the other factors, the Court would impose the same sentence today that it originally imposed.  The amount of money involved in this case, **$2,170,538.77,** is very high and it will almost certainly never be repaid.  To grant Defendant's request would reduce the sentence below that level necessary to accomplish the purposes of sentencing, particularly considering the nature and circumstances of the offense, the seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment and appropriate deterrence.  Consequently, the motion is **DENIED**.

**DONE AND ORDERED** in Chambers, in Fort Myers, Florida, this 27th day of August, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE