UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v. Case No.: 2:18-cr-159-SPC-KRH

AUGUSTIN DALUSMA

# OPINION AND ORDER

Before the Court is Defendant Augustin Dalusma's pro se Motion for Early Termination of Supervised Release. (Doc. 158). The Government defers to the Court's judgment in this matter but advises that Defendant still owes over $2 million in restitution to the IRS. (Doc. 159). For the following reasons, the Court denies the motion.

In January 2020, the Court sentenced Defendant to 97 months' imprisonment and three years of supervised release for fraud charges.[1] (Doc. 96). In December 2024, President Joseph R. Biden Jr. commuted Defendant's sentence. (Doc. 157). Defendant began his three-year term of supervised release in December 2024, so he has completed just under two years of his term. (Doc. 158 at 1). He states that he has remained in full compliance with all terms and conditions the Court imposed. (*Id.*). Defendant's wife has cancer,

[1] At that time, United States District Judge Thomas P. Barber presided over this case. It was reassigned to the undersigned earlier this month. (Doc. 160).

and he asks for early release to assist her with her medical needs. Additionally, he wishes to travel to undertake ministerial responsibilities.

The Court has the power to "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). However, the Court may grant such relief only if it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* The Court must also consider whether certain section 3553 factors favor relief. *Id.* (requiring consideration of most section 3553 factors but omitting 18 U.S.C. § 3553(a)(2)(A), which relates to the need to promote respect for the law and for just punishment); *Esteras v. United States*, 606 U.S. 185, 204 (2025) (prohibiting courts from considering subsection (a)(2)(A)). In reaching its conclusions here, the Court does not consider the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, nor does the Court consider the kinds of sentences available. *See* 18 U.S.C. § 3553(a)(2)(A), (a)(3).

After considering the law against the record, the Court will not end early Defendant's supervised release for two reasons. First, he committed tax fraud offenses through which he stole millions of dollars. The Court imposed supervision to ensure he would make his restitution payments. Contrary to the statement in Defendant's motion (Doc. 158 at 1), the U.S. Probation Officer notified the Government that she did not say she supported terminating

Defendant's supervised release. (Doc. 159 at 1). He has not had issues on supervision but owes a significant amount of restitution to the IRS: $2,168,583.77. (*Id.*). Thus, the nature and circumstances of his offense militate against early termination of supervised release.

Second, the main reason for Defendant's request for termination is that he has complied with the conditions of supervised release and wishes to assist his wife and travel with the ministry. But such compliance is expected, not exceptional. The burden of supervised release is relatively low, especially when compared to the benefit of deterring Defendant from committing a crime. While the Court commends Defendant's purportedly good behavior, it does not merit the unusual reprieve of termination of supervised release. The Court finds that keeping Defendant on supervised release is in the best interests of justice, Defendant, and the public.

Accordingly, it is **ORDERED**:

Defendant Augustin Dalusma's pro se Motion for Early Termination of Supervised Release (Doc. 158) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record